

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 11, 2016**

*[signature]*
_____
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| In re: § | |
| § | |
| BAYLESS MILTON HESTER, III, § | |
| a/k/a B.M. HESTER, and § | Case No. 87-70262-hdh11 |
| EVELYNN JORDAN HESTER, § | |
| § | |
| Debtors. § | |

**ORDER AND MEMORANDUM OPINION**
**DENYING PLAN ADMINISTRATOR'S MOTION FOR**
**SANCTIONS AND MOTION FOR ORDER TO SHOW CAUSE**

On May 18, 2016, this Court held a hearing in its Wichita Falls Division regarding a motion for sanctions (the "Motion for Sanctions")[1] and motion for order to show cause (the "Show Cause Motion")[2] (collectively, the "Motions") filed by the plan administrator for the Debtors' bankruptcy estate (the "Administrator") against Great Southern Oil and Gas Co., Inc. and its officers, James A. Gee and Donna M. Gee (for convenience, referred to herein as "Great Southern").[3] In the Motion for Sanctions, the Administrator sought sanctions based on Great Southern's alleged civil

---

[1] Docket No. 1491.

[2] Docket No. 1493.

[3] Great Southern did not appear at the hearing.

contempt. At the hearing, the Court requested supplemental briefing from the Administrator regarding the basis for the Court's subject matter jurisdiction to determine the Motions, and whether it was procedurally proper to grant the relief sought in the form of sanctions by motion, rather than in the form of damages by complaint.[4] Having considered the pleadings, evidence, arguments of counsel, and supplemental briefing, the Court has determined that the Motions should be denied and now issues this memorandum opinion to further explain its reasons.

In addressing the Motions, the Court faced two issues that both hinged on the answer to one question. The first issue was whether this Court had subject matter jurisdiction to consider and determine the Motions by virtue of its power to enforce its own orders, or otherwise. The second issue was whether Great Southern was in civil contempt of an order of this Court—a prerequisite to imposing civil sanctions. The question relevant to both inquiries was whether this Court had entered an order that required Great Southern to do or refrain from certain conduct.

The Administrator has asserted that the order violated by Great Southern is a sale order entered in this case by this Court under 11 U.S.C. § 363. Therefore, the question is whether this sale order required Great Southern to do or refrain from specific conduct. The Court finds that it did not. As set out in more detail herein, the order to do or refrain from conduct is an essential element that the Administrator must satisfy to prove by clear and convincing evidence that Great Southern is in civil contempt. As this essential element of civil contempt is missing, the Motions will be denied.

The Court's conclusion that the sale order did not require Great Southern to do or refrain from specific conduct also negates this Court's power to enforce its own orders as the basis for its subject matter jurisdiction to consider and determine the Motions. As explained below, however,

---

[4] The Court has questioned the Administrator from time to time in this bankruptcy case concerning his election of motion process as opposed to adversary proceeding.

the Court finds that it has subject matter jurisdiction to both consider and determine the Motions under the Court's power to interpret and clarify its own section 363 sale order.

## I. Relevant Factual Background

### A. The Sale Order and Letter Agreement

On March 17, 1993, an order approving sale and transfer (the "Sale Order") was entered by Judge McGuire in this bankruptcy case.[5] The Sale Order, among other things, accepted and approved the terms of a letter agreement between the Administrator and Great Southern (the "Letter Agreement" is attached to the Motion for Sanctions as "Exhibit 1").[6] The Letter Agreement included the Administrator's promise to transfer ownership of a life insurance policy (the "Policy") for debtor Evelynn Jordan Hester ("Mrs. Hester").[7] This promise was made in exchange for Great Southern's payment of the Policy premiums and promise to pay the Policy proceeds to creditors of the Debtors' bankruptcy estate (the "Estate Creditors"), with any remainder belonging to Great Southern.[8]

### B. The Policy Proceeds

On September 13, 2007, American Fidelity Assurance Company (the "Insurer") received a statement that Mrs. Hester had died on May 22, 2006 and a claim for the full value of the Policy from Great Southern, through its President, James A. Gee.[9] The Insurer sent the balance of the Policy value, which included an offset for an unpaid loan and other credits, to Great Southern in September of 2007 (the "Proceeds").[10]

---

[5] Docket No. 1491, Exhibit 3 and Hearing Exhibit 3.

[6] Docket No. 1491, Exhibit 1 and Hearing Exhibit 1.

[7] *Id.* at paras. 5-6.

[8] *Id.*

[9] Hearing Exhibit 10.

[10] Hearing Exhibits 11 and 12.

3

**C. The Motion for Sanctions and Motion for a Show Cause Order**

On March 4, 2016, the Administrator filed his Amended Motion to Compel (the "Motion to Compel")[11] and the Motion for Sanctions against Great Southern. The Administrator also filed the same document separately as the Show Cause Motion, although the entirety of the motion and relief sought was not for a show cause order and appeared to be the same as that sought in the Motion for Sanctions. The factual basis for the Motions was Great Southern's alleged failure to pay the Estate Creditors out of the Proceeds.[12] The Court held a hearing on the Motion to Compel and the Motions on May 18, 2016, and at its request, received supplemental briefing from the Administrator regarding the issues addressed herein on May 25, 2016.[13] On June 22, 2016, the Court granted the Motion to Compel.[14] The remaining Motion for Sanctions and Show Cause Motion are, therefore, the only subjects of this order and opinion.

## II. Legal Analysis

The Court is faced with two distinct issues. The first issue is whether the Court has subject matter jurisdiction to consider and determine the Motions. The second issue is whether Great Southern can be held in civil contempt for its alleged conduct, and accordingly, sanctioned. The Court will address each issue in turn.

**A. The Court has Subject Matter Jurisdiction to Determine the Motions.**

The Court has subject matter jurisdiction to consider the Motions at this post-confirmation stage under either the "conceivable effects" test for "related to" jurisdiction, or the "more exacting theory" requiring relation to implementation or execution of the plan. *In re U.S. Brass Corp.*, 301

---

[11] Docket No. 1489.

[12] The Court makes no finding as to the truth of this allegation here as it is unnecessary at this time.

[13] Docket No. 1498.

[14] Docket No. 1500.

F.3d 296, 304 (5th Cir. 2002) (referencing 28 U.S.C. §§ 1334 and 157 and citing *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 391 (5th Cir. 2001)). This post-confirmation jurisdiction encompasses the Court's continuing jurisdiction to enforce and interpret its own prior orders. *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009). Interpretation of the Sale Order for purposes of the Motions here affects plan implementation as the Sale Order dealt with the Proceeds, which was an asset of the Estate included for distribution under the plan. As the Sale Order was entered in a non-*Stern* core proceeding, the Court has subject matter jurisdiction not only to consider but also to determine the Motions. 11 U.S.C. § 363; 28 U.S.C. § 157(b)(2)(M).

The Court does not agree with the Administrator, however, that granting the relief sought under the Motions would equate to enforcing the Sale Order, as explained below. Rather, the Court's jurisdiction and exercise of authority here stems from its ability to interpret and clarify the Sale Order for the purpose of disposing of the Motions. The Court notes that this differs from a determination of ancillary jurisdiction in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) and *Adam Technologies International S.A. de C.V. v. Sutherland Global Services, Inc.*, 729 F.3d 443 (5th Cir. 2013). Although these cases are relevant for purposes of analyzing whether the Sale Order required Great Southern to do or refrain from certain conduct, in regards to subject matter jurisdiction, they did not rely upon a statutory grant of jurisdiction or authority under the Bankruptcy Code and sections 1334 and 157 of Title 28.

**B. Sanctions for Civil Contempt Are Not Proper Because the Sale Order Did Not Order Great Southern to Do or Refrain From Specific Conduct.**

The Administrator seeks sanctions against Great Southern for civil contempt of the Sale Order and asserts that these sanctions can serve as damages caused by Great Southern's failure to pay the Estate Creditors from the Proceeds. Sanctions for civil contempt may be imposed for either of two purposes: (i) to coerce compliance with a court order or injunction; or (ii) to

5

compensate for damages sustained because of the contemptuous conduct. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *see also American Airlines, Inc. v. Allied Pilots Association*, 228 F.3d 574, 585 (5th Cir. 2000); *accord Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976) ("Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance."). This Court may award damages in the form of civil contempt sanctions pursuant to its authority under section 105(a) of the Bankruptcy Code. *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003).

Although the Court has the authority to award the damages sought by the Administrator under certain circumstances, the Court must first determine if a motion for civil contempt is the procedurally proper remedy. The justification for an award of damages on a cause of action and an award of damages in the form of civil sanctions differs. *American Airlines*, 228 F.3d at 584. The justification for the former is conduct that violates a common law or statutory duty or promise, whereas the justification for the latter is conduct that violates a court order or injunction. *Id.* In *American Airlines,* the Fifth Circuit validated the District Court's discernment in distinguishing this difference and upheld an award of civil contempt sanctions imposed against the American Pilots Association for violation of a temporary restraining order, as opposed to the Railway Labor Act. *Id.* at 584-85. The same reasoning requires the opposite result here.

It is clear to the Court that the Administrator could have sought damages for Great Southern's alleged conduct as a breach of contract cause of action in an adversary proceeding. In contrast to *American Airlines*, however, it is not clear and convincing that Great Southern's conduct constituted a violation of the Sale Order, *i.e.*, civil contempt. A finding of civil contempt is a prerequisite to the civil contempt sanctions that the Administrator seeks.

In order to establish civil contempt, the Administrator must show by clear and convincing evidence that: (i) a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the order. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). The Administrator did not establish the second element essential to a finding of civil contempt.

In his supplemental briefing, the Administrator directed the Court's attention to U.S. Supreme Court and Fifth Circuit precedent addressing this issue, albeit in the context of determining ancillary subject matter jurisdiction. *See generally, Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Adam Technologies International S.A. de C.V. v. Sutherland Global Services, Inc.*, 729 F.3d 443 (5th Cir. 2013). The Court agrees that these cases are controlling precedent, but disagrees with the Administrator's reliance on their holdings. In *Kokkonen*, the Supreme Court, in refusing to find that the trial court had jurisdiction based on its inherent authority to enforce its own orders, clarified that the situation would differ if the trial court's order was "flouted or imperiled by the alleged breach of the settlement agreement." *Kokkonen*, 511 U.S. at 380-81. A court's awareness and approval of a settlement agreement, the Supreme Court stated, was insufficient to make the terms of the settlement agreement a part of the court's order. *Id.* In *Adam Technologies*, the Fifth Circuit found that the district court did not specifically require arbitration in its dismissal order even though the case was dismissed so that arbitration could occur, and accordingly, refused to base its finding of subject matter jurisdiction on enforcing the language of the order. *Adam Technologies*, 729 F.3d at 449-50. The Fifth Circuit did find that the order of dismissal had the effect of requiring arbitration for purposes of "allow[ing] the district court to later determine whether the dismissal that allowed the dispute to be taken to arbitration was being thwarted." *Id.* at 449. This conclusion that the order had the effect of compelling arbitration for

7

purposes of retaining jurisdiction, however, is inapposite to the determination here of whether the Sale Order specifically required Great Southern to do or refrain from certain conduct. It is, in fact, the Fifth Circuit's determination that the language of the dismissal order in *Adam Technologies* did not specifically require the parties to arbitrate that is most applicable here. *Id.*

As in *Adam Technologies* and *Kokkonen,* the Sale Order here did not specifically order Great Southern to do or refrain from certain conduct. The Court notes that the clear and convincing standard of evidence and the specificity required for an obligation to give rise to civil contempt differs from, and is likely greater than, the specificity required for a finding of jurisdiction. Nevertheless, both degrees of specificity are lacking in the Sale Order here. The Sale Order did not require Great Southern to transfer the Proceeds to the Administrator. The Administrator's reliance on paragraphs 1 and 3 of the Sale Order is unpersuasive, as neither of those paragraphs specifically required anything of Great Southern with regards to the Proceeds.[15] Most telling is the language in paragraph 7 of the Sale Order, in which the Court "accept[s] and approve[s]" the terms of the Letter Agreement. Under the Supreme Court's precedent established in *Kokkonen,* this acceptance and approval is insufficient to establish an order that the parties perform all the terms of the Letter Agreement. The Sale Order, therefore, did not require certain conduct by Great

---

[15] Hearing Exhibit No. 3. Paragraph 1 of the Sale Order states "[t]hat the Louisiana Properties are hereby transferred from the Estate to Great Southern in accordance with the terms and provisions of the Letter Agreement dated February 1, 1993 . . . ." This Paragraph does further require Great Southern to pay 10% of the principal amount of unsecured claims within ten days of the Sale Order's entry, which is not the alleged misconduct here. Paragraph 3 of the Sale Order states "[t]hat the Life Insurance Policy is transferred to Great Southern in accordance with the terms and provisions of the Letter . . . ."

Southern. As a result, Great Southern cannot be held in civil contempt of the Sale Order, and sanctions are improper.

**C. The Show Cause Motion Is Denied**

The Show Cause Motion, although docketed as a request for an order to show cause, did not request any different relief and appeared to be the exact same pleading as the Motion for Sanctions. The Show Cause Motion is therefore, denied for the same reasons as the Court's denial of the Motion for Sanctions.

### III. Conclusion

For the reasons stated above, this Court concludes that the Motion for Sanctions and the Show Cause Motion should be denied. In these Motions, the Administrator sought damages in the form of civil contempt sanctions, but the Sale Order did not contain a requirement that Great Southern perform or refrain from performing any specific act. The Court, therefore, cannot award damages in the form of sanctions on the pleadings filed because the facts do not clearly and convincingly support a finding of civil contempt. This ruling is, of course, without prejudice to the Administrator brining an adversary proceeding.

**IT IS THEREFORE ORDERED** that the Motion for Sanctions is denied; and it is further **ORDERED** that the Show Cause Motion is denied.

### End of Order and Opinion ###